UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------X

PATRICK LENNON,

Plaintiff,

-against-

UNITED STATES OF AMERICA, OCDT J. MADDAN AND THE UNITED KINGDOM

Defendant.
-----------------------------------------------------------------------------------------X

DOCKET NO.:

**COMPLAINT**

Plaintiff Demands A Trial By Jury

Plaintiff, Patrick Lennon, by his attorneys Law Office of Martin Kanfer as and for his complaint against defendant UNITED STATES OF AMERICA, OCDT J. MADDAN AND THE UNITED KINGDOM, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 USC §§2671 et seq. and this Court has jurisdiction under the provisions of 28 USC §1346(b).
2. This action arises under The Foreign Sovereign Immunities Act (FSIA) of 1976 is a United States law, codified at Title 28, §§ 1330, 1332, 1391(f), 1441(d), and 1602–1611 of the United States Code, and this court has jurisdiction pursuant to 28 us code §1605 a 5
3. Plaintiff is, and at all times hereinafter mentioned was, a citizen and resident of the County of Queens, State of New York and the cause of action on which this action is based arose in the county of New York, State of New York

**FACTS**

4. On or about April 5, 2014, plaintiff was a lawful pedestrian at or near 485 Lexington Avenue, in the county of New York, State of New York.
5. At or about the same time and place, OCDT J MADDAN ("MADDAN") was walking/ jogging/running there at.

6. At or about the same time and place, MADDAN abruptly and heedlessly collided into the plaintiff from behind and knocked him to the ground while walking/ jogging/running in a negligent manner and at an unreasonable and imprudent rate of speed and struck the plaintiff from behind.
7. That the plaintiff was standing still waiting to cross the street at the crosswalk when he was struck from behind.
8. That the plaintiff Patrick Lennon has no culpable conduct for the accident herein
9. At the time of this accident, MADDAN was a soldier in the employ of United Kingdom and was acting within the course and scope of that employment.
10. MADDAN was in the United States to participate in the Sandhurst Games a military competition/ games, being hosted at West Point Military Academy, New York.
11. It is not disputed that as a participant of a United Kingdom team that MADDAN was deployed in the United States in his official capacity.
12. It is undisputed that MADDAN was a member of a United Kingdom/NATO team deployed to the United States to participate and compete in the Sandhurst Games at West Point.
13. It is further undisputed that at the time and place of this occurrence MADDAN was performing training in order to prepare for and enhance his performance in the pending Sandhurst games.
14. Defendant, United States of America, is vicariously liable for all acts of MADDAN pursuant to the subject status of forces agreements (hereinafter SOFA) covering NATO and or soldiers from the NATO and or the United Kingdom's acts in the United States and as he was acting within the course and scope of that service/employment.
15. On or about April 13, 2016, plaintiff timely submitted his claim in the amount of $250,000.00 to the Department of the Army.

16. On or about July 13, 2016, the Department of the Army rejected this claim.

**AS AND FOR A FIRST CAUSE OF ACTION**

17. Plaintiff repeats the allegations contained in paragraphs "1" through "16" as if more fully set forth herein.

18. This action is being commenced within six (6) months of the mailing of the rejection of plaintiff's claim.

19. This accident was caused wholly and solely by the negligence of MADDAN acting in the scope of his service/employment, and hence, defendant United States of America is responsible for his actions subject to the applicable status of forces agreement in effect at that date and time .

20. This negligence consisted of, but not limited to, colliding into the plaintiff and knocking him to the ground, improper speed, and failure to heed to other pedestrians, failure to keep right, failure to maintain proper control, inattention to roadway conditions, inattention to the pedestrians there at the time and place of the subject accident and failure to keep a proper lookout.

21. As a result of the foregoing negligence, plaintiff was caused to suffer significant and serious personal injuries.

22. Plaintiff's injuries and damages include, but are not limited to: severe head injury, knee injuries, arthroscopic surgery: fracture his right knee and significant and permanent disability and impairment.

23. Upon information and belief, some or all of the foregoing injuries shall be permanent in nature, and shall result in permanent pain and physical impairment.

24. That the foregoing accident and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant, and without any negligence on the part of the plaintiff contributing thereto.
25. That by reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.
26. That as a result of the foregoing, plaintiff suffered a serious injury.
27. That by reason thereof, plaintiff is entitled to recover for pain and suffering, non-economic loss and for such economic losses as are made and shown that by reason thereof, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.
28. That this action falls within one or more of the exceptions set forth in C.P.L.R 1602.
29. Pursuant to CPLR Section 1602(2) (iv), defendant is liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant owed the plaintiff a non-delegable duty of care.
30. Pursuant to CPLR Section 1602(7), defendant is liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of

the CPLR Section 1601, and or the FRCP by reason of the fact that defendants acted with reckless disregard of the safety of others.

31. Pursuant to CPLR Section 1602(6), defendant is liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601.

32. Pursuant to CPLR Section 1602(2)(iv), the defendant owners are liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendant is vicariously liable for the negligent acts and omissions of the defendant MADDAN.

33. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

34. As a result of the foregoing negligence and the injuries sustained as a result thereof, plaintiff has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**

35. Plaintiff repeats the allegations of paragraphs "1" through "34" as if more fully set forth herein.

36. The accident was caused wholly and solely by the gross negligence of MADDAN and hence, defendant, the United States of America is vicariously liable pursuant to the applicable status of forces agreement in effect at the time and place of the subject accident.

37. As a result of the foregoing gross negligence and the injuries sustained as a result thereof, plaintiff has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

**AS AND FOR A THIRD CAUSE OF ACTION**

38. Plaintiff repeats the allegations of paragraphs "1" through "37" as if more fully set forth herein.

39. The accident was caused wholly and solely by the gross negligence of MADDAN and hence, defendant, the United Kingdom is vicariously liable pursuant to the applicable status of forces agreement in effect at the time and place of the subject accident and or as OCDT J. MADDAN was acting in the service of the United Kingdom at that time and place of the subject incident.

40. As a result of the foregoing gross negligence and the injuries sustained as a result thereof, plaintiff has suffered damages in the amount of Five Million Dollars ($5,000,000.00).

**WHEREFORE,** for all the foregoing reasons, the plaintiff demands judgment against defendant UNITES STATES OF AMERICA, OCDT J. MADDAN AND THE UNITED KINGDOM as follows:

A. Money damages in the amount of $5,000,000.00; in the first, second and third causes of action separate and individually

B. Costs of this action; and,

C. For such other further relief and this court deems just and equitable.

DATED: GREAT NECK, NEW YORK
December 7, 2016

Yours etc..,

**THE LAW OFFICE OF MARTIN KANFER**
(MK1895)
Attorneys for plaintiff
3 Northern Blvd.
Great Neck, NY 11021
(516) 482 6293

STATE OF NEW YORK, COUNTY OF NASSAU ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: GREAT NECK, NEW YORK
December 7, 2016

**MARTIN KANFER, ESQ.**
**(MK1895)**

**Docket #:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

PATRICK LENNON,
Plaintiff,

-against-

UNITED STATES OF AMERICA, OCDT J. MADDAN
AND THE UNITED KINGDOM
Defendant.

----------------------------------------------------------X

**COMPLAINT**

**copy of the within** **is hereby admitted**

**Dated:**

....................................
**Attorney(s) for**

**PLEASE TAKE NOTICE**

**[ ]**
**notice of entry** that the within is a (certified) true copy of an order entered in the office of the clerk of the within named court on__________.

**[ ]**
**notice of settlement** that a proposed order of which the within is a true copy will be presented for the settlement before the honorable___________ one of the judges of the within named Supreme Court, ______ County,________________, At 9:30 a.m. on the _______day of__________,________.

Dated: Great Neck, New York
December 7, 2016

Certified Pursuant to NYCRR 130-1.1

LAW OFFICE OF MARTIN KANFER
**(MK1895)**
3 Northern Blvd
Great Neck, NY, 11021
Tel: (516) 482-6293